FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEILL W. KOHLHASE; JILL KOHLHASE, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, <br><br> Defendant - Appellee. | No. 11-55138 <br><br> D.C. No. 8:10-cv-01470-JST-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Argued and Submitted May 9, 2012
Pasadena, California

Before: NOONAN and FISHER, Circuit Judges, and GRITZNER, Chief District
Judge.[**]

Appellants Neill Kohlhase and Jill Kohlhase filed this lawsuit under

California Insurance Code section 11580(b)(2), seeking to collect from Appellee

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable James E. Gritzner, Chief United States District Judge
for the Southern District of Iowa, sitting by designation.

Safeco Insurance Company of America a judgment obtained against Kristy Pittman in a state court personal injury lawsuit. The state court action arose when a pit bull kept at 129 Esplanade Street, in San Clemente, California, property then covered by a Safeco insurance policy, escaped and mauled Neill Kohlhase. The policy insuring the Esplanade home provided liability coverage to the named insured, Judith Thomas, and to family members that were "residents of your household." The district court granted summary judgment on behalf of Safeco finding that "household" unambiguously applied to Thomas' residence, 179 North Garfield Place, in Monrovia, California, thereby precluding from liability coverage Pittman, Thomas' daughter, who resided at the Esplanade home. The Kohlhases appealed, contending that "your household" was ambiguous and could reasonably be interpreted to mean the household at the insured location. We have jurisdiction to review under 28 U.S.C. § 1291. We hold that Pittman was not covered by the insurance policy and accordingly affirm the district court.

Because this suit was brought in a California state court and removed to federal court based on diversity of citizenship jurisdiction, it is subject to California law. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163 (9th Cir. 1995). Under California law, "[i]nterpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." *TRB Invs., Inc. v.*

*Fireman's Fund Ins. Co.*, 145 P.3d 472, 476 (Cal. 2006) (internal quotation marks and citation omitted). "The California Supreme Court has established a three-step process for analyzing insurance contracts with the primary aim of giving effect to the mutual intent of the parties." *K F Dairies, Inc. & Affiliates v. Fireman's Fund Ins. Co. (In re K F Dairies, Inc. & Affiliates)*, 224 F.3d 922, 925 (9th Cir. 2000) (citing *AIU Ins. Co. v. Superior Court*, 799 P.2d 1253, 1264-65 (Cal. 1990)). "The first step is to examine the 'clear and explicit' meanings of the terms as used in their 'ordinary and popular sense.'" *Id.* (quoting *AIU Ins.*, 799 P.2d at 1264). "If contractual language is clear and explicit, it governs." *Minkler v. Safeco Ins. Co. of Am.*, 232 P.3d 612, 616 (Cal. 2010) (internal quotation marks and citation omitted).

The district court properly applied the generally adopted definition of household found in *Jacobs v. Fire Insurance Exchange*, 278 Cal. Rptr. 52 (Ct. App. 1991), which provides that under California law a household "includes family members and others, whether related or not, who live together under one head," and requires that "the persons live together, be it in the same house or under one roof or at least within one curtilage." *Id.* at 57 (internal quotation marks and citation omitted). Contrary to the Kohlhases' assertion, the inclusion of the term

3

"your," which the policy explicitly defines to refer to Thomas and her spouse, does not serve to vary the generally accepted, clear, and explicit meaning of household.

Under California's definition of household Pittman is plainly not a resident of Thomas' household. Thomas crafted the insurance policy to protect her investment in the Esplanade home by including rental insurance coverage, but excluded personal property and additional living expense coverage, which refutes any claim that the policy indicates that Thomas considered the Esplanade home to be her household. Further, the record demonstrates that the activities of Pittman and Thomas were not those of one household, as Thomas resided miles away, maintained no personal room at the Esplanade home, and visited infrequently and only after giving notice to Pittman of her intended arrival. Thomas herself referred to the Esplanade home as Pittman's separate household. *See Jacobs*, 278 Cal. Rptr. at 59-60 (holding that the tortfeasor was not part of the insured's household, though they lived in separate units of a duplex owned by the insured, when the insured considered the households at issue to be separate and the tortfeasor and the insured did not share meals and had limited interaction).

Thomas resided at all relevant times at 179 North Garfield Place, a home in which Pittman has never lived. Because Pittman was not part of Thomas' household, she was not covered under the homeowner's policy. Therefore, the

4

Kohlhases were not entitled to collect from Safeco the judgment obtained against Pittman, and the grant of summary judgment was proper.

**AFFIRMED.**